IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01833-BNB

CRAIG S. ROBLEDO-VALDEZ,

    Plaintiff,

v.

WARDEN DICK SMELSER, CCA,
TIANA LUCERO, CCCF,
RAY ROMERO, CCCF,
ALBERT MARTINEZ, CCA,
A. ZAVARAS, Director of D.O.C.,
CORRECTIONS CORP. OF AMERICA (CCA), and
ELIJAH RIDGEWELL,

    Defendants.

## ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff, Craig S. Robledo-Valdez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Centennial Correctional Facility in Canon City, Colorado.  He initiated this action by filing *pro se* a prisoner complaint  pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated.  On July 26, 2012, Mr. Robledo-Valdez filed a document titled "Emergency Letter for Help/Intervention" (ECF No. 7).  On July 27, 2012, Mr. Robledo-Valdez filed a "Request for Preliminary Injunction" (ECF No. 8).

The Court must construe the documents liberally because Mr. Robledo-Valdez is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the documents will be construed liberally as a motions for a preliminary injunction, and will be denied.

In the July 26 motion, Plaintiff alleges, *inter alia*, that he has been wrongfully placed in solitary confinement; been denied access to the law library; been denied access to a shower for up to one hundred hours; received false and retaliatory disciplinary reports; and been denied legal supplies.  In the July 27 motion, Plaintiff requests his transfer to a "valid" prison cell, an order preventing the defendants from placing him in solitary confinement, a cell that does not have a broken shower, an order directing the law librarian to provide him access to supplies and the library, and an order directing certain defendants to refrain from harassing him.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  Because Mr. Robledo-Valdez is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Mr. Robledo-Valdez's allegations are speculative or concern past events. Mr. Robledo-Valdez does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motions for injunctive relief will be denied. Accordingly, it is

ORDERED that the motions for a preliminary injunction (ECF Nos. 7 & 8) are denied.

DATED at Denver, Colorado, this  7th  day of    August    , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court