IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01833-BNB

CRAIG S. ROBLEDO-VALDEZ,

    Plaintiff,

v.

WARDEN DICK SMELSER, CCA,
TIANA LUCERO, CCCF,
RAY ROMERO, CCCF,
ALBERT MARTINEZ, CCA,
A. ZAVARAS, Director of D.O.C.,
CORRECTIONS CORP. OF AMERICA (CCA), and
ELIJAH RIDGEWELL,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Craig S. Robledo-Valdez, is serving a state court sentence with the Colorado Department of Corrections (DOC) at the Centennial Correctional Facility. Mr. Robledo-Valdez initiated this action by filing a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on July 12, 2012. The Court granted Mr. Robledo-Valdez leave to proceed pursuant to 28 U.S.C. § 1915 on July 13, 2012. Mr. Robledo-Valdez paid an initial partial filing fee on July 30, 2012.

    The Court must construe the Complaint liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

The Court has reviewed the Complaint filed by Mr. Robledo-Valdez and finds that it is deficient.  As his first claim, Mr. Robledo-Valdez asserts that, in retaliation for grievances he filed, Defendant Romero falsified a report and edited the words of a telephone conversation in order to charge Mr. Robledo-Valdez with a code of penal discipline (COPD) violation of making threats.  Complaint at 8.  Mr. Robledo-Valdez alleges that he was found guilty of the COPD violation and was placed in administrative segregation, in addition to other sanctions that he does not identify.  *Id.*  In his second claim, Mr. Robledo-Valdez alleges that his privacy was violated because Defendant Romero "snooped" into his telephone calls.  Third, Mr. Robledo-Valdez alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the inhumane conditions of confinement in administrative segregation.  However, the Court notes that Mr. Robledo-Valdez's third claim is not asserted against any named defendant.  Finally, Mr. Robledo-Valdez alleges that his First Amendment right was violated because he was punished and sent to administrative segregation for "exercising [his] right to free speech."  *Id.* at 13.  As relief, Mr. Robledo-Valdez seeks injunctive relief, including expungement of the COPD conviction, in addition to damages.

As a preliminary matter, Mr. Robledo-Valdez's first claim in this action, which challenges his COPD conviction, does not appear to be properly asserted pursuant to 42 U.S.C. § 1983, which is reserved for challenges to the conditions of a prisoner's confinement.  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).  Instead, because this claim may call into the question the execution of his sentence, this claim should be asserted pursuant to 28 U.S.C. § 2241.  *See Montez v. McKinna*, 208

F.3d 862, 865 (10th Cir. 2000); *see also Marshall v. Milyard*, 2009 WL 4730473, *3 (D. Colo. Dec. 4, 2009) (finding that § 2241 is the proper vehicle to challenge a disciplinary conviction that results in the deprivation of earned time credits or an increased sentence). Therefore, if Mr. Robledo-Valdez wishes to pursue his claim challenging a COPD conviction that resulted in the loss of good time credits, he must file a separate action pursuant to 28 U.S.C. § 2241. Mr. Robledo-Valdez is warned that he may not assert any claims in a § 1983 action challenging a COPD conviction that resulted in the loss of good time credits.

Further, in Mr. Robledo-Valdez's second claim, he alleges that his "privacy" was violated because Defendant Romero didn't have authority to "snoop" into his telephone calls. Mr. Robledo-Valdez also alleges that 18 U.S. § 2510 and 18 U.S.C. § 2520, criminal statutes which address interception of wire and electronic communications, were violated. However, 18 U.S. § 2510 and 18 U.S.C. § 2520 do not provide him with a private cause of action for damages. *See, e.g., Winslow v. Romer,* 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Accordingly, Mr. Robledo-Valdez cannot maintain a claim for relief under any of the enumerated criminal statutes. In addition, he fails to identify any constitutional violations in his second claim. Mr. Robledo-Valdez is reminded that to state a claim under § 1983, he must identify a deprivation of a constitutional right.

The Complaint is also deficient because Mr. Robledo-Valdez fails to allege specific facts to establish that Defendants Smelser, Lucero, and Zavaras, personally participated in the alleged deprivations of his constitutional and federal statutory rights. Mr. Robledo-Valdez is advised that personal participation by the named defendants is

an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Robledo-Valdez must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In order to state a claim in federal court, Mr. Robledo-Valdez "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Moreover, Mr. Robledo-Valdez cannot hold a supervisor liable merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional or statutory violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional or statutory violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201. Further, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also  Whitington v. Ortiz*, 307 Fed. App'x. 179, 193 (10th Cir. 2009) (unpublished).

Finally, Mr. Robledo-Valdez is advised that a private actor such as Defendant Corrections Corp. of America (CCA) is liable under § 1983 only when an official policy or

custom of the corporation cause or is the "moving force of the constitutional violation." *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations).  Mr. Robledo-Valdez cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Therefore, it does not appear that Defendant Corrections Corp. of America is a proper party to this action.

Mr. Robledo-Valdez will be directed to file an amended complaint that sues the proper parties, states his claims clearly and concisely, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  Mr. Robledo-Valdez is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Accordingly, it is

ORDERED that Plaintiff, Craig S. Robledo-Valdez, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Robledo-Valdez shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form to file the amended complaint.  It is

FURTHER ORDERED that if Mr. Robledo-Valdez fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the "Motion to Ammend [sic]/ Modify the Record" (ECF No. 11) is DENIED as unnecessary.

DATED at Denver, Colorado, this 15th day of     August    , 2012.

BY THE COURT:


　　　*s/Craig B. Shaffer*
　　　CRAIG B. SHAFFER
　　　United States Magistrate Judge