IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01833-WYD-KLM

CRAIG ROBLEDO-VALDEZ,

    Plaintiff,

v.

DICK SMELSER, Warden of CCA,
RAY ROMERO, of CCCF,
ALBERT MARTINEZ, of CCA,
TIANA LUCERO, of CCCF,
ELIJAH RIDGEWELL,
JUDY BREZINDINE,
RAMOS, Officer,
SANTISTEVAN, Officer,
RACHAEL INFANTE,
GONZALES, Conselor,
MONREAL, Sergeant,
ACKER, Sergeant,
SHANE KOLANDER,
PELSTER, Sergeant,
TONY CAROCHI,
DANIEL CHAVEZ,
C. REYES,
D. CORTESE,
2 UNNMED PPMU OFFICERS, and
RANDY MARTINEZ,

    Defendants.

_____

## ORDER TO SHOW CAUSE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Joint Opposed Motion to Dismiss**

**or, in the Alternative, Motion for Order to Show Cause** [Docket No. 45; Filed February

20, 2013] (the "Motion").   The Motion is referred to this Court for disposition [#46].   On

March 4, 2013, Plaintiff, who proceeds in this matter *pro se*, filed a Response [#48].[1]

Defendants did not file a Reply.  The Court has reviewed the Motion, the Response, the

entire docket, and the applicable law, and is sufficiently advised in the premises.  For the

reasons set forth below, the Motion is **GRANTED in part** and **DENIED in part**.

## I. Background

This action was initiated by Plaintiff on July 12, 2012 [#1].  Plaintiff brings a variety

of claims against Defendants[2] relating to his incarceration in the Colorado State

Penitentiary located in Cañon City, Colorado.  *See generally Amended Compl.* [#15].   On

October 3, 2012, the Court entered an Order to Show Cause regarding Plaintiff's failure to

make his partial filing fee payments as required by the Order granting him *in forma pauperis*

status pursuant to 28 U.S.C. § 1915 [#6].  As noted in the Order to Show Cause:

> Pursuant to § 1915(b)(1), Mr. Robledo-Valdez was directed to pay the entire
> $350.00 filing fee and he was ordered to pay an initial partial filing fee of
> $16.00.  Pursuant to § 1915(b)(2), Mr. Robledo-Valdez was ordered to make
> monthly installment payments until the $350.00 filing fee was paid in full.  Mr.
> Robledo-Valdez was instructed either to make the required monthly
> payments or to show cause each month why he has no assets and no means
> by which to make a monthly payment.  In order to show cause, Mr. Robledo-
> Valdez was directed to file a current certified copy of his inmate trust fund
> account statement.  Mr. Robledo-Valdez was warned that a failure to comply

---

[1]  The Response purports to respond both to the Motion and to Defendants Carochi's and
Cortese's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and for Summary Judgment [#33].
That motion will be addressed in a separate order.

[2]  Defendants Dick Smelser, Ray Romero, Tiana Lucero, Sergeant Pelster, Daniel Chavez,
and C. Reyes have not been served.  On June 21, 2013, the court issued an Order to Show Cause
regarding these unserved Defendants.  Plaintiff's response to the Order to Show Cause is due on
or before July 19, 2013.  In addition, the Court notes that Defendant 2 Unnamed PPMU Officers has
also not been served.  If Plaintiff wishes for the Court to order service of Defendant 2 Unnamed
PPMU Officers pursuant to the Court's Order [#6] granting Plaintiff *in forma pauperis* status, he
must provide more specific identifying information to the Court.

with the requirements of § 1915(b)(2) could result in the dismissal of this action without further notice.

*Order to Show Cause* [#16] at 1-2.  On October 31, 2013, the Order to Show Cause was discharged [#20] after the Court received a $50.00 partial payment from Plaintiff [#19], a letter from Plaintiff [#17] explaining why he had not made the monthly filing fee payments, and a certified copy of his inmate trust account statement [#18].

In addition, on November 23, 2012, Plaintiff wrote to the Court regarding his payment obligations.  *See generally Letter* [#30].  In his letter, Plaintiff explained that he wanted to pay more than 20% of his monthly prison account income.  *Id.* at 1.  He further explained that his mother contacted the Court's finance office regarding making additional payments.  *Id.*  Below, is a chart showing the dates and amounts of the payments received from Plaintiff to date:

| Payment Date | Payment Amount |
| --- | --- |
| 07/30/2012 | $16.00 |
| 10/12/2012 | $50.00 |
| 11/06/2012 | $50.00 |
| 11/23/2012 | $18.00 |
| 02/22/2013 | $25.00 |
| | **Total: $159.00** |

As indicated in the above chart, Plaintiff has not fulfilled his payment obligations nor has he submitted a partial filing fee payment to the Court since February 22, 2013.  In addition, a review of the docket reveals that since February 22, 2013, Plaintiff has not submitted any evidence regarding his inability to make partial filing fee payments.

In the Motion, Moving Defendants[3] state that "Plaintiff was released from prison on January 30, 2013." *Motion* [#45] at 4.  Plaintiff does not contest this fact in his Response and a search of the Colorado Department of Corrections' Offender Search webpage indicates that Plaintiff is on parole.

## II.  Analysis

In the Motion, Moving Defendants ask the Court to either dismiss this action pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, to issue an Order to Show Cause why this matter should not be dismissed for both Plaintiff's failure to comply with the requirements of the Court's order granting Plaintiff *in forma pauperis* status and Plaintiff's failure to comply with D.C.COLO.LCivR 7.1C because Plaintiff failed to file responses to Moving Defendants' two pending dispositive motions [##33, 37].[4]   While Plaintiffs' Response purports to respond to "the two Motions to Dismiss filed by the Office of the Attorney General," it entirely fails to address the relief requested in the Motion.  *See generally Resp.* [#48].

In evaluating the Motion, the Court notes that "dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'" *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988).   "Before imposing dismissal as a sanction, a district court should

---

[3]  "Moving Defendants" refers to all of the served Defendants.

[4]  The Court notes that after the instant Motion was filed, Plaintiff sought and received leave of the Court to file responses to the pending dispositive motions outside of the time allowed pursuant to D.C.COLO.LCivR 7.1C.  *See generally Request for Leave to File Responses Out of Time Frame* [#50] and *Order* [#57].

ordinarily evaluate the following factors on the record: '(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). While *Ehrenhaus* involved sanctions for discovery violations, the Tenth Circuit has held that "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria." *Mobley v. McCormick,* 40 F.3d 337, 341 (10th Cir.1994).

Here, the Court finds that Plaintiff's failure to pay his partial filing fee has not prejudiced Moving Defendants nor has his failure to pay interfered with the Court's ability to adjudicate Plaintiff's claims. However, Plaintiff is culpable for failing to comply with the Court's Order granting him *in forma pauperis* status which required that Plaintiff "make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment." *Order* [#6] at 2. In addition, Plaintiff's failure is inexcusable because he was warned previously that failure to comply with the requirements of § 1915(b)(2) could result in the dismissal of this action. *See Order to Show Cause* [#16] at 2. However, dismissal "should be imposed only if a 'lesser sanction would not serve the ends of justice.'" *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (quoting *Reed*, 312 F.3d at 1195). In this circumstance, dismissal is not warranted. However, the Court will enter another Order to Show Cause regarding Plaintiff's failure to comply with his obligations outlined in the Court's Order granting Plaintiff *in forma pauperis*

5

status pursuant to 28 U.S.C. § 1915 [#6].

### III.  Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED in part** and **DENIED in part** as follows: to the extent Moving Defendants seek issuance of an Order to Show Cause, the Motion is granted.

IT IS FURTHER **ORDERED** that Plaintiff shall show cause why this Court should not recommend that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court.  Plaintiff shall respond, in writing, to the Order to Show Cause on or before **July 19, 2013**.  Failure to respond and show good cause will result in this Court issuing a recommendation to dismiss Plaintiff's action without further notice.

Dated:  July 1, 2013                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge