IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01833-WYD-KLM

CRAIG ROBLEDO-VALDEZ,

    Plaintiff,

v.

DICK SMELSER, Warden of CCA,
RAY ROMERO, of CCCF,
ALBERT MARTINEZ, of CCA,
TIANA LUCERO, of CCCF,
ELIJAH RIDGEWELL,
JUDY BREZINDINE,
RAMOS, Officer,
SANTISTEVAN, Officer,
RACHAEL INFANTE,
GONZALES, Conselor,
MONREAL, Sergeant,
ACKER, Sergeant,
SHANE KOLANDER,
PELSTER, Sergeant,
TONY CAROCHI,
DANIEL CHAVEZ,
C. REYES,
D. CORTESE,
2 UNNMED PPMU OFFICERS, and
RANDY MARTINEZ,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Order to Show Cause issued by the Court on

June 21, 2013 [Docket No. 76] (the "Service OSC") and the Order to Show Cause issued

by the Court on July 1, 2013 [#77] (the "Fees OSC"). In the Service OSC [#76], the Court

1

directed Plaintiff to show cause why the Court should not recommend that the case against Defendants Dick Smelser, Ray Romero, Tiana Lucero, Sergeant Pelster, Daniel Chavez, and C. Reyes (the "Unserved Defendants") be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b). *Service OSC* [#76] at 3. In the Fees OSC [#77], the Court ordered Plaintiff to show cause why his case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with this Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court. *Fees OSC* [#77] at 6. Further, in the Fees OSC [#77], the Court reminded Plaintiff, *for Plaintiff's benefit*, that his deadline to respond to the Service OSC [#76] was July 19, 2013 and that, in addition to the Unserved Defendants, "Defendant 2 Unnamed PPMU Officers has also not been served. If Plaintiff wishes for the Court to order service of Defendant 2 Unnamed PPMU Officers pursuant to the Court's Order [#6] granting Plaintiff *in forma pauperis* status, he must provide more specific identifying information to the Court." *Fees OSC* [#77] at 2 n.2. Despite the Court's clear warnings about the consequences for failure to respond to the Orders to Show Cause, Plaintiff did not respond to either the Service OSC [#76] or the Fees OSC [#77] by the show cause deadlines.

As the Court sets forth in detail below, Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with several Court Orders and the Local Rules of this Court. Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute his case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

2

For the reasons provided below, I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED without prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

This action was initiated by Plaintiff on July 12, 2012 [#1]. Plaintiff's Amended Complaint [#15], the operative complaint, was filed on September 17, 2012. Plaintiff brings a variety of claims against Defendants relating to his incarceration in the Colorado State Penitentiary ("CSP") located in Cañon City, Colorado.[1]  *See generally Amended Compl.* [#15].

### A.     Plaintiff's Payment Obligation

On July 13, 2012, the Court entered an Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 which stated that "[P]laintiff is able to pay an initial partial filing fee of $16.00" and ordered Plaintiff "to pay the full amount of the required $350.00 filing fee pursuant to § 1915 regardless of the outcome of this action." *Order* [#6] at 1. The Order further required Plaintiff to "make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make monthly payment." *Id.* at 2. Finally, the Order made clear that "if [P]laintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above . . . the Prisoner Complaint will be dismissed without further notice." *Id.* at 2-3.

On October 3, 2012, the Court entered an Order to Show Cause [#16] regarding

---

[1] Based on Plaintiff's allegations, it appears that he was previously incarcerated at the Crowley County Correctional Facility and was transferred to CSP.

3

Plaintiff's failure to make his partial filing fee payments as required by the Order granting him *in forma pauperis* status pursuant to 28 U.S.C. § 1915. As noted in the Order to Show Cause:

> Pursuant to § 1915(b)(1), Mr. Robledo-Valdez was directed to pay the entire $350.00 filing fee and he was ordered to pay an initial partial filing fee of $16.00. Pursuant to § 1915(b)(2), Mr. Robledo-Valdez was ordered to make monthly installment payments until the $350.00 filing fee was paid in full. Mr. Robledo-Valdez was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make a monthly payment. In order to show cause, Mr. Robledo-Valdez was directed to file a current certified copy of his inmate trust fund account statement. Mr. Robledo-Valdez was warned that a failure to comply with the requirements of § 1915(b)(2) could result in the dismissal of this action without further notice.

*Order to Show Cause* [#16] at 1-2. On October 31, 2013, the Order to Show Cause was discharged [#20] after the Court received a $50.00 partial payment from Plaintiff [#19], a letter from Plaintiff [#17] explaining why he had not made the monthly filing fee payments, and a certified copy of his inmate trust account statement [#18].

In addition, on November 23, 2012, Plaintiff wrote to the Court regarding his payment obligations. *See generally Letter* [#30]. In his letter, Plaintiff explained that he wanted to pay more than 20% of his monthly prison account income. *Id.* at 1. He further explained that his mother contacted the Court's finance office regarding making additional payments. *Id.* Below, is a chart showing the dates and amounts of the payments received from Plaintiff to date:

| Payment Date | Payment Amount |
|:---:|:---:|
| 07/30/2012 | $16.00 |
| 10/12/2012 | $50.00 |
| 11/06/2012 | $50.00 |
| 11/23/2012 | $18.00 |
| 02/22/2013 | $25.00 |
| | **Total: $159.00** |

As indicated in the above chart, Plaintiff has not fulfilled his payment obligations nor has he submitted a partial filing fee payment to the Court since February 22, 2013. In addition, a review of the docket reveals that since February 22, 2013, Plaintiff has not submitted any evidence regarding his inability to make partial filing fee payments. On February 20, 2013, the served Defendants filed their Joint Opposed Motion to Dismiss or, in the Alternative, Motion for Order to Show Cause [#45] (the "Motion to Dismiss") seeking either dismissal or an order to show cause based on Plaintiff's failure to pay his partial filing fees. On March 4, 2013, Plaintiff filed a Response to the Motion to Dismiss [#48].

On May 31, 2013, Plaintiff filed a Notice of Change of Address [#64] informing the Court of his new address in San Antonio, Texas. On June 17, 2013, the Clerk of the Court received a letter from Plaintiff asking for copies of documents and stating that his "mother pays $25 a month toward this case." *Letter to Clerk* [#67] at 1.[2] In Response to the Motion to Dismiss [#48], on July 1, 2013, the Court entered the Fees OSC [#77]. Plaintiff's deadline to respond to the Fees OSC [#77] was July 19, 2013.

---

[2] As stated above, there is no evidence that any payments have been made by Plaintiff or anyone else on Plaintiff's behalf since February 22, 2013.

**B.      Service Attempts on the Unserved Defendants**

On November 14, 2012, the Clerk of the Court filed a Certificate of Service [#24] certifying that he sent the Summonses and Amended Complaint [#15] to various individuals in order to effect service on all Defendants.[3] On November 16, 2012, waivers of service for Defendants Tony Carochi and D. Cortese were filed [#25]. On November 21, 2012, waivers of service for Defendants Albert Martinez, Elijah Ridgewell, Judy Brezindine, Vinicio Ramos, Maurice Santisteven, Rachael Infante, Angelina Gonzales, Jordon Monreal, Tim Acker, Shane Kolander, and Randy Martinez were filed [#28]. On May 2, 2013, the Court ordered the United States Marshals Service to serve the Unserved Defendants [#59]. On June 18, 2013, the Summonses issued by the Clerk of the Court for the Unserved Defendants were returned unexecuted [##69-74]. Each of the unexecuted Summonses states that the individual named is no longer employed at Crowley County Correctional Facility.

On June 17, 2013, the Court received a letter from Plaintiff in which he stated that unserved Defendant Dick Smelser's first name "is most likely" Richard. *Letter to Court* [#66] at 1. Plaintiff further stated "he always went by 'Dick,' and signed all documents as 'Dick Smelser.'" *Id.* This letter concludes by informing the Court that Plaintiff is providing this clarifying information to the Court in hopes that "it will assist the U.S. Marshalls [sic] to know that we're looking for Richard Smelser." *Id.* On June 21, 2013, the Court *sua sponte* entered the Service OSC [#76]. Both the Service OSC [#76] and the Fees OSC [#77] were

---

[3] This Certificate of Service specifically states that service documents for the Unserved Defendants were sent via certified mail to the Crowley County Correctional Facility, the service address provided by Plaintiff. *See Cert. of Service* [#24] at 1; *Am. Compl.* [#15] at 2-5.

mailed to Plaintiff at the address in San Antonio, Texas, indicated in his Notice of Change of Address [#64]. Like the Fees OSC [#77], Plaintiff's deadline to respond to the Service OSC [#76] was July 19, 2013.

## II. Analysis

**A.  Service OSC**

As the Court explained in the Service OSC [#76], while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Amended Complaint [#15] for Plaintiff because he is proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). As reflected in the returned, unexecuted Summonses [##69-74], the Unserved Defendants no longer work at the Crowley County Correctional Facility. *See Am. Compl.* [#15] at 2-5 (providing the Crowley County Correctional Facility's mailing address as the service address for each of the Unserved Defendants). Despite being given additional time to provide additional information about the Unserved Defendants' whereabouts after the Summonses were returned unexecuted [##69-74] or in response to the Service OSC [#76], Plaintiff has not provided any information that the Court can use to effect service on the Unserved Defendants.

Plaintiff's lawsuit was filed on July 12, 2012 [#1], and Plaintiff's Amended Complaint [#15] was filed on September 17, 2012. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on the Unserved Defendants has now expired. Although the United States Marshals Service was not directed to effect service until May 2, 2013, Plaintiff has not provided sufficient information to enable the United States Marshals Service to serve the Unserved Defendants. While Plaintiff did write to the Court to provide clarification that

Defendant Dick Smelser may be named Richard Smelser [#66], neither the Court nor the United States Marshals Service must seek out a service address for the Unserved Defendants. *See Hatten v. Freeborn*, No. 09-cv-02729-CMA-MJW, 2011 WL 684574, at *2 (D. Colo. Feb. 16, 2011) ("based on the information before the Court, it is clear that [defendant] cannot be served at the address[ ] provided by Plaintiff. The Court need not require the U.S. Marshal or the Clerk of the Court to search for [defendant] further."). It is Plaintiff's obligation to provide the Court with sufficient information to allow the Unserved Defendants to be served. *Karp v. Garrett*, No. 10-cv-02277-CMA-KMT, 2011 WL 5172897, at *6 (D. Colo. Aug. 1, 2011) ("it is not up to the Clerk of the Court or the United States Marshals Service to search for [defendant's] current address."); *Tillotson v. McCoy*, 2010 WL 4810721, at *1 (D. Colo. Nov. 19, 2010) ("plaintiff is simply mistaken in his belief that it is anyone's responsibility other than his own to locate and provide a proper address for the defendant such that service can be accomplished."). Here, the service address provided for each of the Unserved Defendants in the Amended Complaint [#15] was not a proper address at which the United States Marshals Service could effect service. As a result, the Court entered the Service OSC [#76], offering Plaintiff an opportunity to provide the Court with alternative service addresses for the Unserved Defendants. However, Plaintiff has not responded to the Service OSC [#76].

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. The case against the Unserved Defendants has been pending since July 2012. Plaintiff failed to effect service of the Unserved Defendants within one hundred and twenty days of their inclusion in this case,

failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future. Further, Plaintiff was warned in advance that the penalty for failing to serve or for failing to provide good cause for the service delay would be dismissal of the Unserved Defendant. *See Service* OSC [#76] at 3; see generally *Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n.4 (D. Colo. Feb. 13, 2008) (unpublished decision). Regardless of Plaintiff's desire to keep the Unserved Defendants in the case and have them answer to the claims asserted against them, neither can be accomplished without service.

**B.     Fees OSC**

As noted in the Fees OSC, "Plaintiff is culpable for failing to comply with the Court's Order granting him *in forma pauperis* status which required that Plaintiff 'make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment.'" *Fees OSC* [#77] at 5 (quoting *Order* [#6] at 2). In addition, Plaintiff's failure is inexcusable because he was warned previously that failure to comply with the requirements of § 1915(b)(2) could result in the dismissal of this action. *See Order to Show Cause* [#16] at 2. However, dismissal "should be imposed only if a 'lesser sanction would not serve the ends of justice.'" *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (quoting *Reed*, 312 F.3d at 1195). At the time for the Fees OSC [#7], the Court found that "dismissal [wa]s not warranted." *Fees OSC* [#77] at 5. Instead, the Court gave Plaintiff an opportunity to explain his failure to pay the partial filing

fees. However, Plaintiff failed to respond to the Fees OSC [#77], has not submitted a partial filing fee payment since February 22, 2013, and has not provided any evidence of his inability to make partial filing fee payments.

"Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: '(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992)). While *Ehrenhaus* involved sanctions for discovery violations, the Tenth Circuit has held that "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria." *Mobley v. McCormick,* 40 F.3d 337, 341 (10th Cir.1994).

### 1. Prejudice to Defendants

Here, the Court finds that Plaintiff's failure to pay his partial filing fee has not prejudiced Defendants. Similarly, Plaintiff's failure to prosecute his claims against the Unserved Defendants has had only a minimal impact on the served Defendants. This factor weighs against dismissal.

### 2. Interference with the Judicial Process

Plaintiff's failure to prosecute his case, and specifically his failure to comply with Court Orders, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to follow Court Orders evidences a

complete lack of respect for the Court and the judicial process. In addition, Plaintiff's failure to contact the Court has caused the Court to expend unnecessary time and effort. The Court's frequent review of the case file and issuance of this Recommendation, which were necessitated by Plaintiff's neglect, increases the workload of the Court and takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision). This factor weighs in favor of dismissal.

### C.     Culpability of Plaintiff

Plaintiff is culpable for failing to comply with the Court's Orders. The Court's Order granting him *in forma pauperis* status required that Plaintiff "make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment." *Order* [#6] at 2. As noted above, on October 3, 2012, the Court entered an Order to Show Cause [#16] regarding Plaintiff's failure to make his partial filing fee payments as required by the Order granting him *in forma pauperis* status pursuant to 28 U.S.C. § 1915. As noted in the Order to Show Cause:

> Pursuant to § 1915(b)(1), Mr. Robledo-Valdez was directed to pay the entire $350.00 filing fee and he was ordered to pay an initial partial filing fee of $16.00. Pursuant to § 1915(b)(2), Mr. Robledo-Valdez was ordered to make monthly installment payments until the $350.00 filing fee was paid in full. Mr. Robledo-Valdez was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make a monthly payment. In order to show cause, Mr. Robledo-

11

>Valdez was directed to file a current certified copy of his inmate trust fund account statement. Mr. Robledo-Valdez was warned that a failure to comply with the requirements of § 1915(b)(2) could result in the dismissal of this action without further notice.

*Order to Show Cause* [#16] at 1-2. Therefore, Plaintiff was aware of his obligation to pay his filing fee based on the clear instruction from the Court in the Order [#6] granting him *in forma pauperis* status and the Order to Show Cause [#16] entered *more than eight months ago*. This factor weighs in favor of dismissal.

### D.     Advance Notice of Sanction of Dismissal

In addition, Plaintiff's failure is inexcusable because he was warned previously that failure to comply with the requirements of § 1915(b)(2) and failure to serve or provide accurate service information for the Unserved Defendants could result in the dismissal of this action. *See Order* [#6] at 2-3; *Order to Show Cause* [#16] at 2; *Service OSC* [#76] at 3; *Fees OSC* [#77] at 6. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, Plaintiff's receipt of advance notice of this result would not prevent it.

### E.     Efficacy of a Lesser Sanction

Regarding the final *Ehrenhaus* factor, the Court notes that dismissal "should be imposed only if a 'lesser sanction would not serve the ends of justice.'" *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (quoting *Reed*, 312 F.3d at 1195). Here, the imposition of a monetary or evidentiary sanction is not practical. Nor would imposition of a monetary sanction make sense in this case because Plaintiff is proceeding *in forma pauperis* and has not made his monthly partial filing fee payments. Therefore, the Court finds that the only effective sanction would be dismissal. *See Gripe*, 312 F.3d at 1188

(affirming district court's dismissal of case after plaintiff was "twice clearly warned [ ] that failure to follow court orders and rules could result in dismissal of his case" and the court applied the *Ehrenhaus* factors and "found that a sanction less severe than dismissal could not be effective").

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Service OSC [#76] is made **ABSOLUTE**. Plaintiff has failed to show cause as to why the Court should not recommend dismissal of the Unserved Defendants pursuant to Fed. R. Civ. P. 4(m) and 41(b).

IT IS FURTHER **ORDERED** that the Fees OSC [#77] is made **ABSOLUTE**. Plaintiff has failed to show cause as to why the Court should not recommend dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with this Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 24, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge