IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01833-WYD-KLM

CRAIG ROBLEDO-VALDEZ,

    Plaintiff,

v.

DICK SMELSER;
RAY ROMERO;
ALBERT MARTINEZ;
TIANA LUCERO;
ELIJAH RIDGEWELL;
JUDY BREZINDINE;
OFFICER RAMOS;
OFFICER SANTISTEVAN;
RACHEL INFANTE;
COUNSELOR GONZALES;
SERGEANT MONREAL;
SERGEANT ACKER;
SHANE KOLANDER;
SERGEANT PELSTER;
TONY CAROCHI;
DANIEL CHAVEZ;
C. REYES;
D. CORTESE;
2 UNNAMED PPMU OFFICERS; and
RANDY MARTINEZ,

    Defendants.
_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

    This matter is before the Court on the Order and Recommendation of United States

Magistrate Judge ("Recommendation") filed on July 24, 2013.  At issue in the

Recommendation are Orders to Show Cause issued by Magistrate Judge Mix on June 21, 2013 (the "Service OSC", ECF No. 76) and on July 1, 2013 (the "Fees OSC", ECF No. 77).

In the Service OSC, Magistrate Judge Mix ordered Plaintiff to show cause why the Court should not recommend that the case against Defendants Dick Smelser, Ray Romero, Tiano Lucero, Sergeant Peister, Daniel Chavez, and C. Reyes (the "Unserved Defendants") be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b). (Recommendation at 1-2.) In the Fees OSC, Magistrate Judge Mix ordered Plaintiff to show cause why the case should not be dismissed in its entirety pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court. (*Id.* at 2.)

Magistrate Judge Mix notes that despite the Court's clear warnings about the consequences for failure to respond to the Orders to Show Cause, Plaintiff did not respond to either the Service OSC or the Fees OSC by the show cause deadlines. (Recommendation at 2.) She then found that "Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with several Court Orders and the Local Rules of this Court". (*Id.*) She further noted that because Plaintiff is proceeding *pro se*, he was given multiple opportunities to prosecute his case. (*Id.*)

Magistrate Judge Mix then recommended that Plaintiff's case be dismissed without prejudice as a sanction pursuant to Fed. R. Civ. P. 41(b). (Recommendation at 3, 13.) In doing so, she analyzed the background of the case, including Plaintiff's failure to fulfill his payment obligations as required by the Order granting him *in forma pauperis* status pursuant to 28 U.S.C. § 1915 or to submit evidence regarding the inability to make partial filing fee payments, his failure to effect service of the Unserved Defendants before the

deadline expired, failure to provide sufficient contact information for the Court to do so, and failure to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future. (*Id.* at 3-9.)

In the Order and Recommendation, Magistrate Judge Mix also analyzed the appropriate factors under *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). (Recommendation at 10-13.) She found that Plaintiff's failure to comply with numerous Court Orders has interfered with the effective administration of justice, establishing that Plaintiff has a lack of respect for the judicial process. (*Id*. at 10.) She further determined that Plaintiff was personally at fault for his failure to comply with the numerous Court Orders, that he was warned on multiple occasion that his continued failure to comply would result in dismissal and, that any lesser sanction other than dismissal would not be practical. (*Id*. at 11-13.) Finally, Magistrate Judge Mix ordered that the Service OSC and Fees OSC be made absolute, as Plaintiff failed to show cause in response to same. (*Id.* at 13.)

On August 5, 2013, Plaintiff filed a timely Objection. A Response to the Objection was filed on August 13, 2013. Plaintiff has since filed numerous documents with the Court. Plaintiff's Objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967) (internal quotation marks omitted)). While the court may

place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment." *Id.*

Plaintiff asserts in the Objection that he responded to the Service OSC and Fees OSC in one filing and mailed it, but that the document came back to him. He further notes that he resent his Response to Show Cause Orders, and that it must have been received after the Order and Recommendation were filed. This is accurate, as the Response to Show Cause was docketed on July 29, 2013, five (5) days after the July 24, 2013 Recommendation. Thus, it appears that Plaintiff has responded to the Service OSC And Fees OSC. (*See* ECF No. 80.)

In that response, Plaintiff notes as to the Fees OSC that he is in jail, is indigent, and has no way of earning money. He further asserts that he asked his mother to make payments, that she may have sent payment to the wrong case, and that she would send a payment that week. Thus, Plaintiff states that he is making efforts to have the payments made.[1] Since the Objection was filed, Plaintiff has also filed documents explaining why he has not paid any further fees. (*See* ECF Nos. 102, 103, and 108.)

As to the Service OSC, Plaintiff notes that Defendants seek to avoid being sued by eliminating key personnel. He further asserts, among other things, that his responsibility for providing useful/valid addresses at which to serve the Defendants was fulfilled at the beginning of the case, that Corrections Corps of America or others would have the addresses of the unnamed Defendants, and that he could not obtain such information without receiving more punishment.

---

[1] A payment of $50.00 was received on July 31, 2013 (ECF No. 81.) No further payments have been made. Thus, Plaintiff is still in arrears on paying his filing fee.

-4-

Plaintiff also notes that while he is currently incarcerated, he believes he can cure the deficiencies once he is released and can go online and research CCA and the Unserved Defendants. He further states that this case "is simply too difficult to litigate from prison or jail", "[e]specially in Texas." (Objections at 4.) He asserts that sanctions are not appropriate because "[i]ts [sic] not as though I blatantly disregarded the Courts [sic] orders." (Resp. to Show Cause Orders at 3.) Ultimately, Plaintiff argues that the interference with the judicial process "is the Defendants' fault for 1.) Running and hiding to avoid being served; 2.) Finding ways to punish [him] and/or incarcerate [him] for trying to obtain the addresses of ANY prison officials or D.O.C. staff. Or Use computers." (*Id.*)

I acknowledge the difficulties that a prisoner faces while incarcerated in pursuing a lawsuit. Nonetheless, this does not provide a basis to disregard or fail to comply with Court's Orders, the Federal Rules of Civil Procedure and the Local Rules of this Court, and the requirements of suit, including filing fees. Magistrate Judge Mix provides detailed bases in law and in fact for her ruling and recommendation to dismiss the case as a sanction. While Plaintiff makes excuses and attempts to shift the blame to the Defendants, the fact remains that he has set forth no basis as to why the Order and Recommendation are wrongly decided or should be overruled. The proper factors were considered under *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992), and I agree with Magistrate Judge Mix that dismissal is appropriate under Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with Court Orders and obligations under law.[2] Accordingly, it is

---

[2] This is true despite the fact that Plaintiff (1) ultimately responded to the Orders to Show Cause, (2) provided addresses for three of the Unserved Defendants on November 5, 2013 (ECF No. 106), and (3) filed documents after his Objection explaining why he has not yet made payments. These do not overcome Plaintiff's previous failures to comply with court orders and rules.

ORDERED that the Order and Recommendation of United States Magistrate Judge filed July 24, 2013 (ECF No. 78) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

Dated: January 2, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge