IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01833-WYD-KLM

CRAIG ROBLEDO-VALDEZ,

    Plaintiff,

v.

DICK SMELSER, *et al.,*

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Petition for a Rehearing (and Reconsideration) filed January 9, 2014.  Responses were filed to the Petition, which I will refer to as a motion, on February 6, 2014, and a reply was filed on February 25, 2014. Plaintiff also filed a letter referring to the motion on March 26, 2014, and filed a "Request for a Status/Ruling Information" on April 18, 2014, that seeks the status of his motion.  For the reasons discussed below, Plaintiff's motion is denied.

The motion seeks reconsideration of my Order Affirming and Adopting Recommendation of United States Magistrate Judge filed on January 2, 2014 ["January 2, 2014 Order"], which dismissed this case without prejudice as a sanction pursuant to Fed. R. Civ. P. 41(b) in accordance with the Order and Recommendation of Magistrate Judge Mix filed on July 24, 2014.  In that Recommendation, Magistrate Judge Mix noted that despite the Court's clear warnings about the consequences, Plaintiff failed to respond to Orders to Show Cause issued by her related to Plaintiff's failure to serve Defendants (the

"Service OSC", ECF No. 76) and his failure to pay fees ordered by the Court (the "Fees OSC", ECF No. 77).[1]  Magistrate Judge Mix ordered that the Service OSC and Fees OSC be made absolute, and recommended dismissal without prejudice of the case as a sanction after analyzing the appropriate factors under *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).  Judgment was entered against Plaintiff on January 3, 2014.

Since Plaintiff's motion was filed less than twenty-eight days after the Judgment, I may construe it "either as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or as a motion for relief from the judgment under Fed. R. Civ. P. 60(b)." *Commonwealth Prop. Advocates, LLC v. Mortg. Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011).  The manner in which it will be construed "depends upon the reasons expressed by the movant." *Id.* "A Rule 59(e) motion is the appropriate vehicle 'to correct manifest errors of law or to present newly discovered evidence.'" *Id.* (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).  "A Rule 60(b) motion is appropriate for, among other things, 'mistake, inadvertence, surprise, or excusable neglect' and 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1), (2)).

In the case at hand, I find that Plaintiff's motion should not be characterized as a Rule 59(e) motion.  Plaintiff did not argue or show that reconsideration is appropriate to correct manifest errors of law, nor did he cite newly established evidence.  Instead, I find

---

[1] The Service OSC ordered Plaintiff to show cause why the Court should not recommend that the case against Defendants Dick Smelser, Ray Romero, Tiano Lucero, Sergeant Peister, Daniel Chavez, and C. Reyes (the "Unserved Defendants") be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b).  (Order Affirming and Adopting Recommendation of United States Magistrate Judge, ECF No. 111, at 2.)  The Fees OSC ordered Plaintiff to show cause why the case should not be dismissed in its entirety pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court related to Plaintiff's filing fee payments.  (*Id.*)

that the motion should be addressed under Rule 60(b).  Indeed, Plaintiff clarifies in this reply that the court should consider his excusable neglect.

Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  As to Plaintiff's reliance on Rule 60(b)(1), his motion should be denied because he has failed to establish excusable neglect.  The burden of proving excusable neglect rests with the party moving to have the judgment set aside. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).  Relevant factors for the Court to consider include the danger of prejudice to the opposing party, the potential impact on judicial proceedings, the reason for the mistake—including whether it was within the reasonable control of the movant—and whether the movant acted in good faith.  *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005). The Court may also consider "whether the mistake was a single unintentional incident." *Id.* at 857.  The reason for the mistake is the most important factor in determining whether neglect is excusable.  *Id.*  "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp.*, 893 F.2d at 1146.  Likewise, a parties *pro se* status does not afford a basis for relief under Rule 60(b)(1).  *Andrews v. Colorado*, 2009 U.S. Dist. LEXIS 99750, *6 (D. Colo. Oct. 9, 2009).

Here, Plaintiff argues that he failed to comply with the Court's orders regarding service of process on the unserved Defendants because he was in jail and unable to find the unserved Defendants.  He also asserts that any attempt to obtain the addresses for the unserved Defendants would have been met with hostility from prison officials.  However, a motion for reconsideration is not an opportunity to relitigate issues already decided by the

court.  *See FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Van Skiver*, 952 F.2d at 1243-44.  Both of these arguments have already been considered and rejected by me.  Indeed, my Order of January 2, 2014, acknowledged the difficulties that a prisoner faces while incarcerated, but determined that Plaintiff's prisoner status did not provide a basis to disregard or fail to comply with the Court's numerous orders.  (January 2, 2014 Order at 5.)

Plaintiff also argues that he did try to attempt to obtain the addresses of the defendants while in prison and was retaliated against.  Further, he asserts that his mother had offered to help with the case but did not do so.  These allegations are notably absent from his objection to Magistrate Judge Mix's Recommendation, and should have been known to Plaintiff at the time of this filing.[2]  "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time or the original argument."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).  Further, any attempts Plaintiff made to obtain the addresses should have been made in response to the Court's Orders to Show Cause, not many months after the fact.

In sum, I agree with Defendants that Plaintiff has not put forth any new evidence or presented any arguments demonstrating that his neglect in this action was anything other than carelessness on his part.  Further, Plaintiff is attempting to present many of the same arguments that have already been rejected by this Court.  Accordingly, to the extent

---

[2] The only person the objection refers to that Plaintiff tried to obtain the address of was a "Daniel Cortese", which he asserts is the "Darren Cortese" who is a defendant in this case.

Plaintiff seeks to alter or reconsider the Court's January 2, 2014 Order dismissing the case as a sanction in relation to the Service OSC, I find his motion is properly denied.

With regard to the Fees OSC, Plaintiff has not demonstrated that his repeated failure to comply with the Court's numerous orders to pay filing fees was the result of excusable neglect. While he continues to argue that he could not pay the fees due to his incarceration, this argument has already been considered and rejected by me as a basis to avoid dismissal of this case under Fed. R. Civ. P. 41(b). Indeed, Plaintiff's failure to pay fees was not a single isolated incident, but instead a regular practice. Plaintiff had been warned on numerous occasions that his failure to comply with the Court's orders concerning the payment of the filing fee could result in the dismissal of his case. Further, he failed numerous times to respond to orders to show cause as to the fees, which is when he should raised the arguments he is making now.

Thus, on July 13, 2012, Plaintiff was informed of his monthly obligation to pay the filing fee or to show cause why he could not make the payment. He was also warned that failure to comply could result in the dismissal of his case. Despite this warning, Plaintiff failed to make any monthly filing fee payments for the months of August and September and failed to show cause why he was unable to make monthly payments. The Court issued a Show Cause Order on October 3, 2012, again warning Plaintiff that his failure to comply with the Court's July 13th Order could result in the dismissal of his case. Plaintiff again failed to make any monthly filing fees payments for the months of December, January, March, April, May, and June and failed to show cause why he was unable to make monthly payments. The Court issued another Show Cause Order on July 1, 2013, again warning Plaintiff that his failure to comply with the Court's orders concerning the filing fee could

result in the dismissal of his case. Plaintiff failed to timely respond to the Court's Show Cause Order and continued to disregard the Court's orders by failing to make monthly filing fee payments for the months of August, September, and November. Plaintiff's failure to comply with the Court's numerous orders or to show cause why he was not complying has interfered with the effective administration of justice.

Rather than take accountability for his actions and inactions, Plaintiff again attempts to shift the blame to his mother stating "my mother assured me that she would pay at least $25.00 a month to this Court." (Petition for Rehearing at 4.) However, Plaintiff bears the burden of ensuring that he is in compliance with the Court's orders. Given the numerous times that Plaintiff was warned on this particular issue, he should have taken more care to ensure that his obligations were being met. Plaintiff's carelessness does not afford a basis for relief under Rule 60(b)(1). *See Jennings,* 394 F.3d at 857.

Finally, to the extent Plaintiff seeks relief under Rule 60(b)(6), his motion is denied because he has failed to establish that such relief is warranted in this case. Rule 60(b)(6) permits the court to relieve a party from final judgment for "any other reason justifying relief." The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case." *Cashner*, 98 F.3d at 579. Despite the broad power given to courts under this provision, it has been interpreted very narrowly—a court "may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Id.* at 580 (citations omitted). Plaintiff has not asserted any facts or issues that are so "unusual or compelling" that extraordinary relief is warranted or that it would offend justice to deny such relief. *Cashner*, 98 F.3d at 580.

Based upon the foregoing, it is

ORDERED that Plaintiff's Petition for a Rehearing (and Reconsideration) (ECF No. 118) is **DENIED**.  In light of this ruling, it is

ORDERED that Plaintiff's "Request for a Status/Ruling Information" filed April 18, 2014 (ECF No. 127) is **DENIED AS MOOT**.

Dated:  May 2, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge